# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| SHUNTE WESTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 7:20-cv-00262-SGC ) |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

Th plaintiff, Shunte Weston, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB"). (Doc. 2.) Weston timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review. For the reasons stated below, the Commissioner's decision is due to be affirmed.

**I.     FACTS, FRAMEWORK, AND PROCEDURAL HISTORY**

Weston was twenty-eight years old at the time of her alleged disability onset and thirty at the time of the unfavorable decision issued by the Administrative Law

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 11).

Judge ("ALJ").  (Tr. 148, 279.)[2]  Weston speaks English, has a high school education, and is a certified nursing assistant ("CNA").  (Tr. at 176, 311, 313.)  Weston's past work experience includes forklift operator, plant laborer, nursing home assistant, and home care sitter.  (Tr. at 177-79, 313.)  Weston filed her DIB application on August 12, 2017, alleging a disability onset date of August 1, 2017, due to blindness in her right eye due to a tumor, a learning disability, and depression.  (Tr. at 312.)  Weston testified she could no longer work due to dizziness, headaches, and double vision caused by her tumor.  (Tr. at 163, 165.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920; *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination whether the claimant is performing substantial gainful activity ("SGA").  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in SGA, he or she is not disabled, and the evaluation stops.  *Id*.  If the claimant is not engaged in SGA, the Commissioner proceeds to consider the combined effects of all the claimant's physical and mental impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  These impairments must be severe and must meet durational requirements before a claimant will be found disabled.  *Id*.  The decision depends on

---

[2] Citations to the transcript ("Tr.") use page numbers assigned by the Commissioner to the record.  Citation to other non-transcript documents refer to the document and page number assigned by the court's electronic document system, CM/ECF.

the medical evidence in the record. *See Hart v. Finch,* 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, at which the Commissioner determines whether the claimant's impairments meet the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairments fall within this category, the claimant will be found disabled without further consideration. *Id.* If the impairments do not fall within the listings, the Commissioner determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

At step four the Commissioner determines whether the impairments prevent the claimant from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, he or she is not disabled, and the evaluation stops. *Id.* If the claimant cannot perform past relevant work, the analysis proceeds to the fifth step, at which the Commissioner considers the claimant's RFC, as well as the claimant's age, education, and past work experience, to determine whether he or she can perform other work. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, he or she is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found Weston met the insured status requirements of the Social Security Act through December 31, 2020. (Tr. at 136.) The ALJ then determined Weston had not engaged in SGA from her alleged onset date of August 1, 2017. (Tr. at 138.)

The ALJ determined Weston's "right eye blindness, learning disability, depression, anxiety, and obsessive-compulsive disorder" are considered "severe" based on the requirements set forth in the regulations. (*Id*.) However, the ALJ found Weston's impairments did not meet or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526, 416.920(d), 416.925, 416.926). (Tr. at 139.) The ALJ found Weston's statements about the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence in the record. (Tr. at 146.) The ALJ also found that the severity of Weston's mental impairments, considered singly and in combination, did not meet or medically equal the criteria of listings 12.04, 12.05, and 12.06. (Tr. at 139.) The ALJ determined Weston has the following RFC:

> To perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except the claimant must alternate the positions of sit and stand every 30 minutes as needed. She can occasionally stoop, balance, kneel, crouch, and crawl, but she cannot climb ladders, ropes, or scaffolds. She must avoid concentrated exposure to dust and all exposure to hazardous conditions such as unprotected heights, dangerous machinery, and uneven surfaces. She will have no more than two unplanned absences from work per month. She can understand, remember, and carry out no more than simple, short instructions

and make simple work-related decisions with few workplace changes at unskilled work.

(Tr. at 142.)

The ALJ found Weston "unable to perform any past relevant work" and considered her a "younger individual," being twenty-eight years old on the alleged onset date. (Tr. at 146.) The ALJ determined the "[t]ransferability of job skills [was] not material to the determination of disability because using the Medical-Vocational Rules as a framework support[ed] a finding that the claimant is 'not disabled,' whether or not [she] has transferable job skills." (Tr. at 147.) At the hearing, a Vocational Expert ("VE") testified that considering Weston's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, 416.969(a)). (*Id.*) The ALJ concluded his findings by stating that Weston has not been under a disability, as defined in the Social Security Act, from August 1, 2017, the alleged onset date, through the date of his decision, May 17, 2019. (Tr. at 148.) The Appeals Council denied Weston's request for review, and she timely filed this appeal. (Tr. at 1-6; Doc. 12.)

## II. STANDARD OF REVIEW

A court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the

Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). A court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

No decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to

determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. DISCUSSION

On appeal, Weston contends the Comissioner's decision should be reversed and remanded because the ALJ erred in failing to consider the frequency and severity of her headaches.

A claimant bears the burden of proving she is disabled within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423(d)(5)(A), 1382c(a)(3)(H)(i); 20 C.F.R. § 416.912(a), (c); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Weston's subjective complaints alone are insufficient to establish a disability. *See* 20 C.F.R. §§ 404.1529(a), 416.926(a); *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991). Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). The Eleventh Circuit applies a two-part pain standard when a plaintiff claims disability due to pain or other subjective symptoms. The plaintiff must show evidence of the underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged symptoms arising from the condition, or (2) that the objectively determined medical

condition is of such a severity that it can reasonably be expected to give rise to the alleged symptoms.  *See* 20 C.F.R. §§ 404.1529(a), (b), 416.929(a), (b); Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029; *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

If the objective medical evidence does not confirm the severity of the plaintiff's alleged symptoms but the plaintiff establishes she has an impairment that could reasonably be expected to produce her symptoms, the ALJ must evaluate the intensity and persistence of plaintiff's alleged symptoms and their effect on her ability to work.  *See* 20 C.F.R. §§ 404.1529(c), (d), 416.929(c), (d); SSR 16-3p; *Wilson*, 284 F.3d at 1225–26.  To discredit the plaintiff's statements, the ALJ must clearly "articulate explicit and adequate reasons."  *See Dyer*, 395 F.3d at 1210.

A credibility determination is a question of fact subject only to limited review in the courts to ensure the finding is supported by substantial evidence.  *See Hand v. Heckler*, 761 F.2d 1545, 1548–49 (11th Cir. 1985), *vacated for rehearing en banc*, 774 F.2d 428 (11th Cir. 1985), *reinstated sub nom.*, *Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986).  Courts in the Eleventh Circuit will not disturb a clearly articulated finding supported by substantial evidence. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).  However, a reversal is warranted if the decision contains no indication of the proper application of the pain standard.  "The question is not . . . whether [the] ALJ could have reasonably credited [Weston's] testimony,

but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

Weston stated she had not had a full-time job since August 2017 and that dizziness and headaches were her main impediment to maintaining employment. (Tr. at 159, 162, 279.) The ALJ noted Weston's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, satisfying part of the pain standard. (Tr. at 146.) However, the ALJ found Weston's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (*Id.*) The ALJ reviewed a variety of evidence to support his conclusion, including objective medical evidence and treatment history. (Tr. at 142-46.) Substantial evidence supports the ALJ's conclusion in this case.

The ALJ began by noting that the objective medical evidence does not support the disabling symptoms and limitations alleged by Weston. (Tr. at 142-46.) At various doctor visits in 2017, she reported no headaches or dizziness. (Tr. at 393, 421, 426, 442, 480.) She had a transsphenoidal hypophysectomy on August 5, 2017, to remove part of the tumor affecting the vision in her right eye. (Tr. at 421-45.) Before her surgery, she denied having any headaches. (Tr. at 393, 421, 426.) After her surgery, Weston's attending physician, Dr. Barton Guthrie, noted that she was recovering well and did not mention having headaches. (Tr. at 442.) Dr. Ronnie

Chu examined Weston on November 22, 2017. (Tr. at 483-86.) Dr. Chu noted in his report that Weston described having headaches and feeling off balance. (Tr. at 483.) Although Weston reported she felt off balance, her fine motor and gross motor movement was good. (Tr. at 485.) None of the medications Weston reported to Dr. Chu were for headache pain. (Tr. at 483.) She had another appointment with Dr. Guthrie on June 19, 2018, when she reported she did not have a headache that day. (Tr. at 494.) She reported "seldom mild to moderate frontal headache[s] upon waking up," well-controlled"with over the counter Aleve. (*Id.*)

Weston was seen at the Fitz-Gerald Clinic over the course of several months beginning on September 25, 2017, to January 5, 2019. (Tr. at 501-58, 618-644.) From September 2017, to January 2019, Weston never reported headaches or dizziness during her visits to the Fitz-Gerald Clinic. (Tr. at 502-03, 507, 512-13, 519-20, 524, 528-29, 544-45, 549, 554, 619-20, 624-25, 629-30, 634-35, 639-40.) Weston was also seen at the GCH Physicians Clinic over several months from September 9, 2017, to March 1, 2019. (Tr. at 562-88, 653-61.) During her visits to the GCH Physicians Clinic, Weston's primary complaint was back pain and ankle pain. (*Id.*) Only during two of those visits did Weston report she was having headaches – once on November 14, 2017, and once on January 15, 2018. (Tr. at 577, 581.) Weston visited Eyemax Vision Center on November 21, 2018, for an eye examination. (Tr. at 608-09.) She reported no headaches and no dizziness at this

appointment. (*Id.*) Weston's most recent visit to Dr. Guthrie was in December 2018; Dr. Guthrie noted she had no new symptoms, no headaches, and no double vision or visual disturbances. (Tr. at 613.) These statements undermine Weston's subjective allegations of disabling symptoms.

Weston alleges her headaches are frequent and disabling. However, there is no medical evidence to support these statements. Weston did not include headaches as a physical condition on her application for disability. (Tr. at 312.) There are only three instances Weston reported headaches to a physician, although she visited numerous physicians on numerous occasions. The only noted medications that she took for her headaches were Ibuprofen and Aleve. (Tr. at 381, 494.) *See Harwell v. Heckler*, 735 F.2d 1292, 1293 (11th Cir. 1984) (indicating a claimant's lack of use of potent pain medication can undermine allegations of constant, severe pain); s*ee also* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv).

Weston submitted additional evidence with her request to review the ALJ's May 17, 2019 decision. (Tr. at 1-2.) The additional evidence was medical records from the University of Mississippi Medical Center dated June 14, 2019, through June 19, 2019. (Tr. at 12-127.) To the extent Weston's submission of additional evidence can be construed as a motion to remand under sentence six of 42 U.S.C. § 405(g); *see also Ingram*, 496 F.3d at 1267-68, her request is due to be denied. Sentence six of section 405(g) provides the sole means for a district court to remand to the

Commissioner to consider new evidence presented for the first time in the district court:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g). "The sixth sentence of § 405(g) plainly describes an entirely different kind of remand [from the fourth sentence], appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990); *see Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (The sixth sentence allows the taking of "new evidence . . . that was not available to the claimant at the time of the administrative proceeding."). To satisfy the criteria for a remand under sentence six of 42 U.S.C. § 405(g), a claimant must establish: (1) the evidence is new and non-cumulative, (2) the evidence is material such that a reasonable possibility exists it would change the administrative result, and (3) there was good cause for the failure to submit the evidence at the administrative level. *See Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

Here, the additional evidence submitted by Weston – the medical records dated a month after the ALJ's decision – is immaterial because the records address

Weston's condition as of that later time. The records do not indicate the staff at the University of Mississippi Medical Center reviewed any records from the relevant period before the ALJ's decision, or that these records were otherwise related to Weston's condition during the relevant period.  Indeed, the Appeals Council considered this additional evidence and concluded it was chronologically irrelevant to the ALJ's May 17, 2019 decision.  (Tr. at 2.)  Evidence is "chronologically relevant" if "it relates to the period on or before the date of the [ALJ's] hearing decision."  *Stone v. Soc. Sec. Admin.*, 658 F. App'x 551, 553 (11th Cir. 2016) (quoting 20 C.F.R. §§ 404.940(b), 416.1470(b)).

In sum, the ALJ articulated in detail his findings that Weston's subjective complaints were inconsistent with the medical evidence of record, and substantial evidence supports the ALJ's determination that Weston's pain was not as severe as she claimed.

## IV.  CONCLUSION

Upon review of the administrative record and considering all of Weston's arguments, the court finds the Commissioner's decision is supported by substantial evidence and is in accord with applicable law.  Accordingly, the Commissioner's decision is due to be affirmed.  A separate order will be entered.

**DONE** this 9th day of August, 2021.

/s/ Staci G. Cornelius
_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE